**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

MELISA BOYER,

     Plaintiff,

v.

EVEREST RECEIVABLE SERVICES, INC.,

     Defendant.

Case No. 1:20-cv-06931

**NOW COMES** MELISA BOYER, by and through her undersigned counsel, complaining of Defendant EVEREST RECEIVABLE SERVICES, INC., as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 *et seq*.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

4.    MELISA BOYER ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

1

7.    EVEREST RECEIVABLE SERVICES, INC. ("Defendant") maintains its principal place of business at 2351 North Forest Road, Suite 100, Getzville, New York 14068.

8.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts in the state of Illinois that are owed or due or asserted to be owed or due another.

9.    Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

10.    At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone numbers ending in 9918.

11.    At all times relevant, Plaintiff's number ending in 9918 was assigned to a cellular telephone service as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

12.    At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

13.    Plaintiff applied for and was approved for a credit card with Genesis Credit.

14.    Plaintiff used the card for numerous personal transactions.

15.    Due to unforeseen financial difficulties, Plaintiff fell behind on her monthly payments. ("subject debt").

16.    Eventually, Plaintiff defaulted on her subject debt and owed an approximate outstanding balance of $700.00.

17.    On or around July 2020, Plaintiff started to receive collection phone calls from Defendant to her cellular phone regarding the subject debt.

18.    The subject debt is a debt as defined by 15 U.S.C. § 1692a(5).

19.     Shortly after Defendant's calls began, Plaintiff answered a call; she was met by a lengthy period of dead air and was required to say "hello" numerous times prior to a representative joining the call.

20.     At first, Plaintiff advised Defendant that she could not afford to make payments due to COVID-19 and her husband's current status as unemployed.

21.     Plaintiff further explained she had limited means and could not afford to stretch her social security disability anymore.

22.     Nevertheless, the collection calls continued.

23.      On or around August of 2020, after advising Defendant numerous times of her inability to make a payment, Plaintiff finally requested that the calls cease.

24.     When Plaintiff requested that the calls cease, Defendant's representative threatened her stating Defendant would garnish her social security disability income if she did not make a payment.

25.     Despite Plaintiff's request that Defendant cease its harassing collection calls, Defendant placed numerous collection calls to Plaintiff's cellular phone.

26.     During one of these phone calls, Defendant again threatened to garnish Plaintiff's social security income.

27.     Despite Plaintiff's request that Defendant cease its harassing collection efforts, Defendant continues to employ abusive collection practices in an effort to collect the subject debt, including the use of harassing phone calls and false threats to take legal action.

28.     In total, Defendant has placed numerous harassing collection calls to Plaintiff's cellular phone in an attempt to collect the subject debt.

**DAMAGES**

29.     Defendant's abusive collection practices have severely disrupted Plaintiff's daily life and general well-being.

30.     Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to: invasion of privacy; nuisance; wasting Plaintiff's time; the increased risk of personal injury resulting from the distraction caused by the phone calls; decreased daily productivity; aggravation that accompanies unwanted telephone calls; emotional distress; mental anguish; anxiety; loss of concentration; diminished value and functionality of her cellular phone; the loss of battery charge; and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her cellular phone.

31.      Moreover, each time Defendant placed a phone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

32.     Concerned with the escalation of Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

### CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. §227 *et seq.*)

33.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

34.     Defendant placed or caused to be placed numerous non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular phone number using an automatic telephone dialing system ("ATDS") without her prior consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

35.     The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

36.     Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular phone.

37.     Upon information and belief, the dialing system used by Defendant to place collection calls to Plaintiff has the capacity to (a) store phone numbers, and (b) dial those phone numbers automatically.

38.     Upon information and belief, the dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a lengthy pause after the called party speaks into the phone.

39.     Defendant violated the TCPA by placing numerous harassing collection phone calls to Plaintiff's cellular phone using an ATDS without her consent.

40.     As pled above, Plaintiff revoked consent to be called on her cellular phone during phone calls that she answered.

41.     As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

42.     Upon information and belief, Defendant has no system in place to document and archive whether it has consent to contact consumers on their cellular phones.

43.     Upon information and belief, Defendant has no policies and procedures in place to honor cease-call requests made by consumers.

44. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet continued to employ them to maximize efficiency and profits.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the TCPA;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C); and

c. Awarding any other relief as this Honorable Court deems just and appropriate.

<u>**COUNT II**</u>
**Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)**

**a. Violations of FDCPA §1692d**

45. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

46. § 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

47. Defendant violated §§ 1692d and d(5) when it placed numerous collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt.

48. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

49. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff.

50.     The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

### b.  Violations of FDCPA § 1692e

51.     Pursuant to § 1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt.

52.     Section 1692e(5) of the FDCPA prohibits a debt collector from threatening "to take any action that cannot legally be taken or that is not intended to be taken."

53.     Defendant violated §§ 1692e and e(5) by threatening to garnish Plaintiff's social security income.

54.     Specifically, social security income is exempt from any type of garnishment, yet Defendant threatened Plaintiff with garnishing her social security in an attempt to scare her in to making a payment arrangement.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment in her favor as follows:

a.     Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b.     Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c.     Awarding Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d.     Awarding any other relief as this Honorable Court deems just and appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

Dated: November 23, 2020                 Respectfully submitted,

**MELISA BOYER**

By: /s/ *Victor T. Metroff*

Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
(630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com